## CARL VOGEL

*v.*

## C. E. RUTH.

---

**Ponce, Law, No. 244.**

1. Matter published regarding another that is libelous *per se* is presumed to be false, and the defendant is presumed to have published the same maliciously, and juries can inflict punitive damages against a defendant on account thereof without any proof of special damages in the premises.

2. A communication that is libelous *per se*, that is prompted by a duty due to the public, even though the duty does not amount to a legal obligation, is nevertheless qualifiedly privileged, even though it is

Vogel v. Ruth.

only a social or moral duty, when the defendant acts in good faith in pursuance thereof.

3. Where one physician is in charge of a hospital sustained by philanthropic people belonging largely to one particular church denomination, but that also receives subscriptions from the public generally for the use of the institution, it is a quasi public institution, and physicians and all other citizens of a community have an interest in the same being conducted in a proper way, and along liberal lines, and a communication from an outside physician to the board of supervisors, even though it contains matter that is libelous *per se* as to the physician in charge, is qualifiedly privileged, if the matter contained therein is true and the same was written without malice and for a good purpose.

4. Where matter affecting a physician in his professional capacity, written to a board of supervisors over him, is held to be libelous *per se*, the truth of the statements contained therein may be given in evidence, with a view to establishing qualified privilege in the writer thereof, and it is for the jury to say whether the same was written without malice and with good motives.

5. Justification of a charge that is libelous must be as broad as the charge itself.

Case tried January 21, 1910.

————

*Mr. N. B. K. Pettingill* and *Mr. Harry P. Leake,* attorneys for plaintiff.

*Mr. Chas. Hartzell* and *Mr. Francisco Parra,* attorneys for defendant.

The facts in the case sufficiently appear from the instructions given to the jury by RODEY, Judge, as follows:

This is an action for libel, with the damages laid in the sum of $25,000. It is brought by Dr. Carl Vogel against Dr.

Vogel v. Ruth.

C. E. Ruth, both of whom are physicians, and both the pleadings and the evidence tend to show that both of them are professional men of high attainments as physicians and surgeons.

The law of Porto Rico permits such an action to be brought, and § 568 of the Revised Statutes of 1902 of the island defines libel as "the malicious defamation of a person made public by writing, printing, sign, picture, representation, effigy, or other mechanical mode of publication, tending to subject him to public hatred or contempt, or to deprive him of the benefit of public confidence and social intercourse, or to injure him in his business, or in any other way to throw discredit, contempt, or dishonor upon him."

The plaintiff charges that the defendant, well knowing the good standing of the plaintiff, etc., and intending to injure him before the board of missions of the Episcopal Church, under whom he was conducting a hospital, did compose and publish regarding him the two letters that have been introduced as exhibits and read to you in evidence. The court has heretofore held that these letters are in and of themselves libelous *per se;* that is, they contain matter for which plaintiff would ordinarily be entitled to bring an action, because the language affects him wrongfully and injuriously in his professional capacity as a physician and surgeon.

The defendant answers the complaint, and in substance alleges that he did not libel the plaintiff in any sense whatsoever, and had no malice in and about his action in the premises, but that he wrote the same in good faith and in consequence of what he believed was unusual treatment he had received, as a practising physician of this community, from the plaintiff, who is the director of St. Luke's Hospital, in and about defendant's

right or privilege to bring into and treat patients in said hospital, and that being thus interested, both on his own account and because of the sick people of the community, and believing that the hospital was being conducted in a manner quite unfair to resident physicians, and contrary to what he believed the owners, or those furnishing the means for the hospital desired. That he only wrote the letters to get information regarding the same, and in an effort to bring about a change in the premises.

You are instructed that ordinarily when one person writes and publishes matter about another, which injuriously affects the latter in or as to his profession or business, and the communication is not privileged in any way, in such case the publication, as stated, is what is known in law as libelous *per se*, and the rule is that the same is presumed to be false, and the defendant is presumed to have published the same maliciously, and juries can inflict punitive damages against a defendant on account thereof, without any proof of special damage in the premises.

It is also a fundamental principle regarding the law of libel that certain classes of publications within proper bounds are absolutely privileged, such as where a subordinate officer in a public employment writes a letter in the nature of a report to a superior officer, and incidentally and of necessity libels some third person, but this is not that sort of a case, and the only sort of privilege that can exist under the facts of this case is one that is known in law as a qualified privilege, and such a qualified privilege is defined by the text-writers as one where a party makes a communication, and such communication is prompted by a duty owed either to the public or to a third party, or that the communication is one in which the party has an interest, and it is made to another having a corresponding

Vogel v. Ruth.

interest; the communication is privileged if made in good faith and without actual malice. And it is further the law that the duty under which the party is privileged to make the communication need not be one having the force of a legal obligation, but it is sufficient if it is social or moral in its nature, and the defendant in good faith believes that he is acting in pursuance thereof, although, in fact, he is mistaken.

Therefore you are instructed that, under the evidence in this case, the hospital in question is a quasi public institution, supported by donations and subscriptions, in which the public of Ponce, and all physicians practising in said community, had and have more or less of an interest in seeing that it is properly conducted. And, therefore, if you believe from a preponderance of the evidence that this defendant had good reason to believe, and did in good faith believe, that the hospital in question was not being conducted as such institutions ought to be conducted, and that he in good faith desired to get information regarding the same, and to secure necessary and required changes in its management, then any communication intended to bring that about was qualifiedly privileged, and if the defendant did not go any farther in and about the communications than was necessary or proper to effect that end he is not liable in any sense whatsoever in damages to this plaintiff.

But if, on the other hand, when writing such communications,—and this you must judge from a preponderance of the evidence and from all the facts, circumstances, and exhibits in the cause, including the letters themselves,—the defendant did not stop at seeking to get the information he desired, or in a proper effort to correct the wrongs which he honestly believed to exist, but went farther and maliciously, and with intent to

injure the plaintiff unnecessarily, libeled him in the communications to his superior officer, or those who were over him, or had supervisory powers over him, in and about said hospital, and that the charges thus made were in fact false and untrue, then the defendant is liable to the plaintiff in damages, not only for any ordinary damages which may have been shown, or you may believe to have accrued to him, but further, it is the duty and the privilege of the jury in such case to inflict punitive or "smart money" damages against the defendant for such action, not that the plaintiff is entitled to it inherently, but as a deterrent to others against committing a like offense.

In this regard, however, you are warned that it is no part of the duty of a court or jury to become imbued with the excited feelings or contentions of either of the parties, or of their counsel, as to their alleged rights in the premises; nor is it any part of the duty of a court or jury to enable either of the parties to profit or suffer unreasonably by a decision or verdict in any case, save as the same may be in accordance with the facts and the law and right and justice.

On the one hand, you must recollect that the size of the claim for damages is no reason why you should give the plaintiff one cent of damages even, unless the facts and the law and right and justice warrant it. And on the other hand, the claim of the defendant that the plaintiff has not been damaged, and the efforts of a defendant to belittle a claim of a plaintiff, should have no effect in bringing about that end, unless on the facts as you shall believe them from a preponderance of the evidence and the law as here given you, such conclusion is warranted. Your damages in any such case as this, measured by these rules, can be nominal or substantial, or substantial and

Vogel v. Ruth.

punitive within the limit claimed, or you can refuse to grant the plaintiff any damages at all, as you may believe to be warranted under the facts and the law as here given you.

You are further instructed that if on this whole case you believe from a preponderance of the evidence that the defendant did in good faith, and for proper purposes, and with proper motives, and without malice to the defendant, write the communications in question, and did not go any farther in the same than under all the facts and circumstances of the case were reasonable and were warranted, and that the matter contained in his communications was, in fact, true, under the law as here given you, then the defendant is not liable at all to the plaintiff, and you should find for him without hesitation.

You are instructed though, that if in writing these letters the defendant as to the plaintiff went beyond anything that was necessary or required by the object he had in view, and that the accusations that were libelous in and of themselves against the plaintiff were, in fact, untrue, and that the defendant so knew them to be at the time he wrote the letters, then the defendant is clearly guilty of libel against the plaintiff as indicated above, and malice is presumed in and about the writing, and you should find for the plaintiff as indicated in these instructions for both ordinary and punitive damages.

It is a serious thing for one professional man to accuse another of doings contrary to the ethics of the profession, for, be it said to the credit of the medical calling, its code of ethics and morals is high. And, therefore, in your consideration of the case you may take such fact into account, and consider, on the one hand, how a physician of high standing and attainments would be affected by false accusations in that regard against

### Vogel v. Ruth.

him, and how, on the other hand, another physician of equally
high standing and attainments (if you believe on a preponder-
ance of the evidence that the parties are equal in that regard)
would feel on witnessing any conduct on the part of one of the
profession that he believed was contrary to such ethics; hence
you can measure the probabilities in this cause with this knowl-
edge in your minds, on the one hand, to enable you to say
whether Dr. Vogel was in fact guilty of the unprofessional
things of which he is accused, and, on the other hand, to enable
you to say whether Dr. Ruth acted in good faith and without
malice in making the charges set out in the letters he admits
he wrote.

In your deliberations in this case you must not permit any
extrinsic facts to affect you. You must throw out of your minds
entirely, in so far as permitting the same to affect your verdict
is concerned, the prominence of the parties, and the prominence
of the witnesses, and the fact that the institution in question
is one fostered under and conducted under the auspices of any
particular church. And you must not permit the citizen-
ship, race, or religion of any of the parties or their witnesses
to affect you as such in the least, or your acquaintance, or lack
of acquaintance with the parties, their witnesses, or the at-
torneys on either side. Both parties have exactly equal rights
before this court and before you. Neither must you permit
any desire to please either party or either counsel to have the
least weight in bringing about your decision. Your verdict
must rest entirely upon the facts and the law under these in-
structions.

At that point I desire to instruct you further and to define
a preponderance of the evidence. A preponderance of the evi-

dence for the decision of any point in a civil case does not necessarily mean the side or point upon which the most witnesses have testified, but it means the side or the point upon which truth and justice lie, in your estimation as reasonable and sensible men.

Counsel has properly stated to you that a justification must be as broad as a charge in a libel case. If Dr. Ruth's statement is true, was it made for a good purpose? If it is false, and he knew it was false, then there is no defense for it. That is the gist of the case for you to decide. And another point is, that this suit is strictly between Dr. Vogel on the one side and Dr. Ruth on the other. And while, in this sort of case, it may seem odd at times that these sorts of suits are brought, yet the law in its wisdom has said that it is proper. The fathers in the early days of the country provided for the freedom of speech and freedom of the press in the Constitution, but it is also provided in the state constitutions and laws that this provision of freedom of speech and freedom of the press does not mean license of either, but all it means is that no hard and fast restriction is put upon the acts of any person in that regard before the fact; hence these suits are permitted for the purpose of preventing breaches of the peace in the community. Counsel have argued from all points of view as they see the matter. Jurors should be careful not to injure one party or the other, because in administering justice, courts or juries injure no one.

Two forms of verdict will be given you. One will read: "We, the jury, find for the plaintiff, and assess his damages at the sum of blank dollars." And the other will read: "We, the jury, find for the defendant." When you have arrived at a verdict you will cause one of your number to sign it as foreman,

Vogel v. Ruth.

and then all of you must return it into court. You may take to your rooms where you go to deliberate, the complaint, the answer, the forms of verdict, the exhibits, and these instructions. The cause is with you.

The jury found for the defendant.